1  Peter E. Perkowski (SBN 199491)
   peter@perkowskilegal.com
2  PERKOWSKI LEGAL, PC
   445 S. Figueroa Street
3  Suite 3100
   Los Angeles, California 90071
4  Telephone: (213) 426-2137

5  Attorneys for Plaintiff
   SPLASH NEWS AND PICTURE AGENCY, LLC
6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| SPLASH NEWS AND PICTURE AGENCY, LLC, | Case No.: 2:20-cv-551 RGK (JEMx) |
|---|---|
| Plaintiff, | *Hon. R. Gary Klausner* |
| v. | PLAINTIFF'S NOTICE OF MOTION AND RENEWED MOTION FOR LEAVE TO SERVE DEFENDANT BY ALTERNATE MEANS |
| ONIKA TANYA MARAJ p/k/a NICKI MINAJ et al., | |
| Defendants. | Date:   May 18, 2020<br>Time:   N/A*<br>Place:  N/A* |
| | *No in-person hearing in accordance with District's COOP |
| | Compl. filed:   January 19, 2020 |
| | *No Trial Date Set* |

TO THE COURT:

PLEASE TAKE NOTICE that on May 18, 2020, or as soon thereafter as counsel may be heard, plaintiff Splash News and Picture Agency, LLC will and hereby does renew its motion for an order authorizing service of process on defendant by alternate means—namely, through Instagram, and (by email, given pandemic-related office closures) through her confirmed litigation counsel, Los Angeles attorneys Browne George Ross LLP.

This Motion is based on the Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, on all pleadings, papers, and proceedings in this action, any maters of which the Court may properly take judicial notice, and the arguments of counsel.

This Motion is made without a pre-motion conference of counsel under L.R. 7-3 because defendant has not been served or appeared in the action.

Dated:  April 17, 2020        Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:    /s/ Peter Perkowski
       Peter E. Perkowski

       Attorneys for Plaintiff SPLASH NEWS
       AND PICTURE AGENCY, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Splash News and Picture Agency, LLC respectfully renews its motion for leave to serve Defendant Onika Tanya Maraj, professionally known as Nicki Minaj, by alternate means.

The Court denied Plaintiff's previous motion (ECF 13) without prejudice. *See* Order (ECF 15). Splash News had asked for leave to serve Defendant through her counsel and through Instagram, the medium she used to infringed. As to the request to serve through counsel, the Court concluded that it was possible that the counsel identified no longer represented Defendant. *See* Order (ECF 15), at 3.

Since the filing of original motion, and the Court's decision, Splash News has been able to confirm that Defendant is currently represented by two different law firms—LaPolt Law, P.C. (identified in the original motion) and Browne George Ross LLP, both in Los Angeles—currently represent Defendant. Accordingly, Splash News renews its motion for leave to serve Defendant and requests that the Court give Plaintiff approval to serve by delivering a copy of the Complaint and Summons to her confirmed litigation counsel, by email to the confirmed email addresses of the lawyers identified below, and to her confirmed business manager through a confirmed email address. Under the applicable legal standards, there is no doubt that such service would be "reasonably calculated to give actual notice" to Defendant, as those persons would be highly likely—if not obligated—to inform Defendant herself of the pendency of the action.

## II. FACTUAL BACKGROUND

To summarize the facts already known to the Court: Plaintiff is the owner of the copyright to seven images (the "Photographs") depicting Defendant appearing in public. Defendant copied and displayed those images, without authorization, on her Instagram account. (*See* Compl. ¶¶ 12-15.)

Despite its best efforts, Splash News has been unable to locate or serve Ms.

Minaj through regular means. Plaintiff previously requested that the Court authorize service on Ms. Minaj through Instagram—the medium she used to infringe the Photographs—and through her legal representative, Los Angeles attorney Ms. Dina LaPolt. The Court denied the motion without prejudice. (ECF 15.)

On March 28, 2020, counsel for Plaintiff again emailed Ms. LaPolt, asking her to "[p]lease advise if you are counsel for Ms. Minaj." (Email string, Ex. A, at 3.) Within an hour, Ms. LaPolt had replied, confirming that she did in fact represent Ms. Minaj in "transactional entertainment matter[s]." (Email string, Ex. A, at 2.) For litigation matters, Ms. LaPolt offered to introduce Plaintiff's counsel to a different set of lawyers, and subsequently she added them to the string. (Email string, Ex. A, at 2.) The litigation counsel who were copied were Pete Ross and Eric Lauritsen at the firm of Browne George Ross LLP. (*Id.*) Ms. LaPolt also copied a person she identified as Defendant's business manager Angie Kukawski. (*Id.*)

Within an hour and a half, Defendant's litigation counsel Pete Ross had replied to the email string confirming that his firm Browne George Ross LLP is "litigation counsel for Nicki Minaj." (Email string, Ex. A, at 1-2.) About 20 minutes later, Plaintiff's counsel replied to the email string, attached a copy of the Complaint and Summons, and asked Mr. Ross if his firm "would be authorized to accept or waive service of the attached summons and complaint" on behalf of Defendant. (Email string, Ex. A, at 1.) Mr. Ross did not reply. About a week and a half later, on April 8, Plaintiff's counsel sent another email to follow up for a response. (Email string, Ex. A, at 1.) No response was received.

Because Plaintiff's deadline to serve, without a Court-approved extension, is approaching, *see* Fed. R. Civ. P. 4(m), Plaintiff cannot wait for a response from counsel.[1] Accordingly, Plaintiff seeks this Court's assistance through this motion.

---

[1] If the Court finds that the deadline under Rule 4(m) needs to be extended, Plaintiff suggests that good cause exists for the reasons stated in this and the prior motion and therefore respectfully requests that the Court grant such an extension until this motion can be decided and service effected as requested.

3

RENEWED MOTION FOR LEAVE TO SERVE BY ALTERNATE MEANS

### III. LEGAL STANDARD

The Court set out the relevant legal standards in its prior opinion. Briefly, Rule 4 provides that a plaintiff may serve an individual using any method permitted by the law of the state where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(e)(1). In California, that includes "a broad framework" for methods of service that aren't specifically set forth by statute. *Aevoe Corp. v. Pace*, No. C-11-3215-MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011).

Specifically, California law provides that, "[w]here no provision is made … for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served." Cal. Civ. Proc. Code § 413.30. This standard is coextensive with the constitutional standard set forth by the Supreme Court: to comport with constitutional notions of due process, service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

### III. ARGUMENT

Plaintiff has now confirmed Defendants' current litigation counsel and current business manager, along with their current email addresses. The Court should allow Plaintiff to serve Defendant by alternate means—specifically, by email to litigation counsel Peter Ross and Eric Lauritsen at the firm of Browne George Ross LLP, and to business manager Angie Kukawski, at the email addresses in Exhibit A.

**A. Service on a parties' representative, by email, is in accordance with California law.**

Service by electronic means, including email, has been recognized as permissible under the Federal Rules and thus the Constitution. "Although not yet commonplace, service of process by e-mail, internet, social media, and similar means is becoming accepted." 1 Cal. Affirm. Def. § 2:17 (2d ed. 2019) (citing authorities in

footnotes 1 and 8). Recognizing the wide-spread use and reliability of such means, courts have begun to permit their use for service of process. *See Microsoft Corp. v. Buy More, Inc.*, 703 Fed. Appx. 476, 480 (9th Cir. 2017) (district court permitted email service); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (district court authorized service by email); *Williams v. Advertising Sex LLC*, 231 F.R.D. 483 (N.D. W. Va. 2005) (same). Rule 4 itself expressly permits service by alternate means "reasonably calculated to give notice," Fed. R. Civ. P. 4(f)(2) (governing service on an individual in a foreign country), and that rule has been interpreted to permit electronic service. *See id.* The California code is entirely parallel and should be interpreted the same way.

Likewise, service on a parties' representatives, such as counsel, has been permitted under the Federal Rules. *E.g.*, *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, 2011 WL 2607158, at *12 (N.D. Cal. July 1, 2011) ("Service upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3)."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535 (N.D. Cal. 2010) (granting motion to serve foreign defendant through U.S. counsel); *see also Rio Props.*, 284 F.3d at 1016 ("trial courts have authorized a wide variety of alternative methods of service including … delivery to the defendant's attorney"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2008 WL 4104341, at *1 (N.D. Cal. Sept. 3, 2008) (authorizing service on foreign defendant through U.S. subsidiaries and domestic counsel); *Juicero, Inc. v. iTaste Co.*, 2017 WL 3996196, at *4 (N.D. Cal. June 5, 2017) (approving service on foreign defendant by email, Facebook, and on U.S.-based counsel).

In its previous order, the Court noted that Defendant had not been shown to be a "foreign defendant" and therefore many of these authorities are "inapposite." (Order, ECF 15, at 3.) It is true that Defendant is not a "foreign defendant"; the Complaint alleges that she lives here in Los Angeles. (Compl. ¶ 9.) But these authorities are entirely apposite: California law allows service of process to the full

5

extent of the Constitution, and since these authorities permitted service of process on counsel, then that method of service absolutely must be within constitutional bounds. In short, methods of service that are acceptable under Rule 4 by necessity are acceptable under the Constitution, and therefore would be permitted under California law. Although in a different context, the Court should accept the authorities for what the demonstrate: the viability of the proposed method of service.

California law permits service of process by electronic means, including email. *See* 1 Cal. Affirm. Def. § 2:17 (2d ed. 2019) (citing authorities in footnotes 1 and 8). In addition, the Constitution—and therefore California law—allows service of process on a parties' representatives, such as legal counsel. Accordingly, service on a parties' representative, by email, is in accordance with California law.

**B.     The proposed means are reasonably calculated to provide actual notice.**

The proposed service here—on Defendants' confirmed representatives by their confirmed email addresses—is reasonably calculated to provide actual notice to Defendant.

On March 28—not three weeks ago—Pete Ross confirmed by email communication that he and his firm Browne George Ross LLP represents Ms. Minaj in litigation matters. His colleague Eric Lauritsen was included on the correspondence. Ms. LaPolt (who herself confirmed that she currently represents Ms. Minaj in transactional entertainment matters) also copied Defendant's current business manager, Angie Kukawski, on the email string. There is no doubt that these representatives would inform Defendant of the pendency of the lawsuit and provide her with the summons and complaint.

In its prior order, the Court seemed to express doubt about whether service on Defendants' representatives—the then-unconfirmed counsel Ms. Lapolt and a hypothetical social-media manager in charge of her Instagram account—would be "reasonably calculated to provide actual notice" to Defendant. (Order, ECF 15, at 3.) But as discussed above, the law does not require service directly on a defendant. In

the "reasonably calculated" standard, rather, the law incorporates a presumption that certain representatives will either as a matter of courtesy, business necessity, contractual obligation, or fiduciary duty notify their client of legal process they receive on her behalf. *See supra* Section A. Plaintiff respectfully suggests that the Court here may and should similarly conclude that it is highly likely that Defendants' business and legal representatives—her litigation counsel and her business manager—will inform Ms. Minaj of the receipt of the Summons and Complaint. Accordingly, service on these representatives is "reasonably calculated to provide actual notice."

Finally, there is no other provision in the Code that will be as effective in serving Defendant as service by these methods. Despite multiple attempts, Plaintiff has been unable to serve Defendant personally and is currently unaware of Defendant's actual physical address. Service by publication—which is widely accepted despite being far less likely to result in actual notice—will likely be ineffectual and impractical, as Plaintiff is unaware of a newspaper or other publication that is "likely to give actual notice" to Defendant, *see* Cal. Code Civ. P. § 415.50(b), especially since Plaintiff is not certain of Defendant's precise geographical location in the Los Angeles region.

Under these circumstances, service by email on Defendant's litigation counsel and business manager is the superior method for providing actual notice to Defendant. The Court should approve service by these methods here.

## IV.   CONCLUSION

Because the proposed service is reasonably calculated to give Defendant actual notice of this lawsuit, the Court should permit Plaintiff to serve Defendant as follows:

- By email to Defendant's litigation counsel Peter Ross, Browne George Ross LLP, at pross@bgrfirm.com;
- By email to Defendant's litigation counsel Eric Lauritsen, Browne George Ross LLP, at elauritsen@bgrfirm.com;

- By email to Defendant's business manager, Angie Kukawski, at angela@blvdmgmt.com.

Dated:  April 16, 2020         Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
Peter E. Perkowski

Attorneys for Plaintiff SPLASH NEWS AND PICTURE AGENCY, LLC

### CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2020, I caused this document to be electronically filed with the Clerk of the Court using the ECF System of the U.S. District Court for the Central District of California, which will send notification of such filing to, constituting service of this document on, all filing users.

   /s/ Peter E. Perkowski