BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Eric C. Lauritsen (State Bar No. 301219)
  elauritsen@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant
Onika Tanya Maraj

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| SPLASH NEWS AND PICTURE AGENCY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ONIKA TANYA MARAJ p/k/a NICKI MINAJ,<br><br>Defendants. | Case No. 2:20-cv-0551-RGK<br><br>Hon. R. Gary Klausner<br><br>**DEFENDANT ONIKA TANYA MARAJ'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1617073.1

DEFENDANT'S ANSWER TO COMPLAINT

Defendant Onika Tanya Maraj ("Defendant"), for herself and no other defendant, answers the complaint ("Complaint") filed by plaintiff Splash News and Picture Agency, LLC ("Plaintiff"), as follows:

1. Responding to Paragraph 1 of the Complaint, Defendant denies that she infringed any copyrights as alleged. Defendant lacks information sufficient to form a belief as to the truth of Plaintiff's claim of ownership of the alleged copyrights, and on that basis, denies the balance of the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff seeks the relief set forth in Paragraph 2 of the Complaint, but denies that Plaintiff is entitled to such relief.

3. Defendant admits that Plaintiff's claims have been brought under the Copyright Act of 1976 as alleged in Paragraph 3 of the Complaint.

4. Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and, on that basis, denies them.

8. Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and, on that basis, denies them.

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant lacks information sufficient to form a belief as to the truth of

the allegations set forth in Paragraph 10 of the Complaint and, on that basis, denies them.

11. Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, on that basis, denies them.

12. Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, on that basis, denies them.

13. Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, on that basis, denies them.

14. Responding to Paragraph 14 of the Complaint, Defendant admits that one or more of the images were posted to her Instagram account. Defendant denies the balance of the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant admits the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, on that basis, denies them.

17. Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and, on that basis, denies them.

18. Responding to Paragraph 18 of the Complaint, Defendant admits that one or more of the images in issue were posted to her Instagram account. Defendant denies the balance of the allegations set forth in Paragraph 18 of the Complaint.

19. Responding to Paragraph 19 of the Complaint, Defendant admits that the photographs at issue depict her. Defendant lacks information sufficient to form

a belief as to the truth of the balance of the allegations set forth in Paragraph 19 of the Complaint and, on that basis, denies them.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Responding to Paragraph 21 of the Complaint, Defendant admits that certain of the posts to her Instagram account are commercial in nature. Defendant denies the balance of the allegations set forth in Paragraph 21 of the Complaint.

22. Responding to Paragraph 22 of the Complaint, Defendant denies that she knew or should have known. Defendant lacks information sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 22 of the Complaint and, on that basis, denies them.

23. Responding to Paragraph 23 of the Complaint, Defendant admits that she did not seek Plaintiff's express permission to use the photographs at issue. Defendant lacks information sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 23 of the Complaint and, on that basis, denies them.

## ANSWER TO FIRST CLAIM FOR RELIEF

24. Defendant incorporates her responses to Paragraphs 1-23 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint and, on that basis, denies them.

27. Responding to Paragraph 27 of the Complaint, Defendant denies that anything she did or authorized was willful, intentional, or malicious. Defendant lacks information sufficient to form a belief as to the truth of the balance of the

allegations set forth in Paragraph 27 of the Complaint and, on that basis, denies them.

## ANSWER TO SECOND CLAIM FOR RELIEF

28. Defendant incorporates her responses to Paragraphs 1-27 of the Complaint.

29. Responding to paragraph 29 of the Complaint, Defendant denies that she engaged in any of the alleged misconduct. Defendant lacks information sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 29 of the Complaint and, on that basis, denies them.

30. Responding to paragraph 30 of the Complaint, Defendant denies that she infringed the copyrights in issue. Defendant lacks information sufficient to form a belief as to the balance of the allegations set forth in Paragraph 30 of the Complaint and, on that basis, denies them.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Responding to paragraph 32 of the Complaint, Defendant denies that she infringed or contributorily infringed the copyrights in issue. Defendant lacks information sufficient to form a belief as to the balance of the allegations set forth in Paragraph 32 of the Complaint and, on that basis, denies them.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Fair Use)

1. Defendant's use of the photographs in issue was protected under the doctrine of fair use.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Register Copyright)

2. Defendant is informed and believes and thereon alleges that Plaintiff has not properly registered its claim to the copyrights in the photographs in issue.

### THIRD AFFIRMATIVE DEFENSE

**(Standing)**

3. Defendant is informed and believes and thereon alleges that Plaintiff is not the owner of the copyrights in issue and therefore lacks standing to bring the claims alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

**(Implied License)**

4. Defendant's use of the photographs in issue was authorized by Plaintiff's conduct.

### FIFTH AFFIRMATIVE DEFENSE

**(De Minimus)**

5. Plaintiff is entitled to recover nothing because the alleged infringement is de minimus.

### SIXTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

5. Plaintiff is informed and believes and thereon alleges that one or more of Plaintiff's claims and/or a portion of Plaintiff's claimed damages are barred by the statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

5. Plaintiff is entitled to recover nothing because of its unclean hands, in that Plaintiff posted the pictures in such a way as to encourage others to copy and repost them.

/ / /

/ / /

/ / /

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.  Plaintiff is estopped from recovering anything against Defendant, because Plaintiff posted the pictures in such a way as to encourage others to copy and repost them.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff take nothing by means of its Complaint;
2. That Plaintiff's Complaint be dismissed with prejudice;
3. That the Court award Defendant her attorney's fees incurred herein;
4. That the Court award Defendant her costs of suits incurred herein; and
5. For such other and further relief as the Court may deem just and proper.

DATED: July 9, 2020

BROWNE GEORGE ROSS LLP
Peter W. Ross
Eric C. Lauritsen

By: */s/ Eric C. Lauritsen*
Eric C. Lauritsen
Attorney for Defendant Onika Tanya Maraj p/k/a Nicki Minaj

**DEMAND FOR JURY TRIAL**

Defendant hereby demands trial by jury on all claims and issues so triable.

DATED: July 9, 2020

BROWNE GEORGE ROSS LLP
Peter W. Ross
Eric C. Lauritsen

By: */s/ Eric C. Lauritsen*
Eric C. Lauritsen
Attorney for Defendant Onika Tanya Maraj p/k/a Nicki Minaj

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July, 2020, I electronically filed the foregoing **DEFENDANT ONIKA TANYA MARAJ'S ANSWER TO COMPLAINT DEMAND FOR JURY TRIAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Peter E. Perkowski
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street, Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Andrea A. Augustine