Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiff
SPLASH NEWS AND PICTURE AGENCY, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPLASH NEWS AND PICTURE AGENCY, LLC, | Case No. 2:20-cv-551 RGK (JEMx) |
| *Plaintiff,* | **FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| ONIKA TANYA MARAJ p/k/a NICKI MINAJ, | *Jury Trial Demanded* |
| *Defendants.* | |

Plaintiff Splash News and Picture Agency, LLC, for its First Amended Complaint against defendants Onika Tanya Maraj, professionally known as Nicki Minaj ("Minaj"), and Does 1 through 10, alleges as follows:

1.     This is an action for copyright infringement brought by plaintiff, the holder of the copyright to the photographs described below, against all defendants for uses of plaintiff's photographs without authorization or permission.

///

## JURISDICTION AND VENUE

2.  This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright law of the United States.

3.  This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

4.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question), and § 1338 (copyright).

5.  This Court has personal jurisdiction over defendant Minaj because, on information and belief, she is a resident of the State of California and this judicial district and, on information and belief, is also doing business in the State of California and in this judicial district.

6.  Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400(a).

## PARTIES

7.  Plaintiff Splash News and Picture Agency, LLC is an entity organized and existing under the laws of the nation of the State of Nevada with its principal place of business in Los Angeles, in this judicial district.

8.  Plaintiff is the world's leading celebrity and breaking news agency, licensing images, video, and stories to top publishers around the world, including in the United States and in California.

9.  Defendant Minaj is a Trinidadian-American rapper, singer, songwriter, actress, businesswoman, and entrepreneur who, on information and belief, is a resident of Los Angeles County.

10.  Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed plaintiff's copyrights, have contributed to the infringement of plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged in this Complaint. The true names of defendants 1 through 10 are currently unknown to plaintiff, which therefore sues them by fictitious names

2

and will seek leave to amend this Complaint to show their true names and capacities when that has been ascertained.

11.    Plaintiff is informed and believes and on that basis alleges that at all relevant times each of the defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining defendants and was at all times acting within the scope of such relationship, or actively participated in or subsequently ratified and adopted each of the acts alleged, with full knowledge of all the facts and circumstances, including but not limited to, full knowledge of each and every violation of plaintiff's rights and damages to plaintiff proximately caused by such violation.

## BACKGROUND FACTS

### A.    The Infringed Images

12.    Plaintiff is the owner and exclusive copyright holder of photographic images (the "Photographs") depicting Minaj appearing in public, as follows:

    a.  Image 1, depicting Minaj in a multicolored Oscar De La Renta gown outside of the Harper's Bazaar Party in New York City, was registered to plaintiff with Registration No. VA 2 077 987 (eff. Nov. 7, 2017) in compliance with the Copyright Act.

    b.  Images 2 and 3, depicting Minaj in a plaid Burberry outfit in New York City, were registered to plaintiff with Registration No. VA 2 116 812 (eff. Aug. 20, 2018), in compliance with the Copyright Act.

    c.  Images 4 and 8, depicting Minaj at a NYFW party in New York, were registered to plaintiff with Registration No. VA 2 120 149 (eff. Sept. 10, 2018), in compliance with the Copyright Act.

    d.  Images 5, 6 and 7, depicting Minaj in a cheetah print outfit,  were registered to plaintiff with Registration No. VA 2 120 107 (eff. Sept. 12, 2018), in compliance with the Copyright Act.

**B.     Defendants' Unauthorized Uses**

13.     Plaintiff never licensed any of the Photographs to defendants. Nevertheless, defendants have used, and continue to use some of the Photographs, without authorization or permission from plaintiff to do so.

14.     Specifically, Minaj or someone acting on her behalf copied the Photographs and distributed them on Instagram, via the @nickiminaj account, as follows:

> a.  Defendants used Image 1 by copying it and displaying it on Instagram on or about September 9, 2017.
>
> b.  Defendants used Images 2 and 3 by copying them and displaying them on Instagram on or about August 17, 2018.
>
> c.  Defendants used Images 4 and 8 by copying them and displaying them on Instagram on or about September 9 and 10, 2018.
>
> d.  Defendants used Images 5, 6 and 7 by copying them and displaying them on Instagram on September 11, 2018.

15.     Minaj has over 91 million Instagram followers, and her Instagram account is open to the public.

16.     Plaintiff notified Minaj of her infringements, through her representatives, by letters dated December 12, 2017, and March 22, 2018. In addition, plaintiff notified Minaj of the infringement by sending a draft complaint to her representatives on July 20, 2018, concerning the infringement of Image 1.

17.     Plaintiff further notified Minaj of her infringements by sending an email to her representatives on September 10, 2018, regarding her unauthorized use of Images 2, 3, and 4.

18.     Nevertheless, Minaj continued to copy and distribute plaintiff's Photographs even after being aware of the infringements as set forth above.

19.     The Photographs are creative, distinctive, and valuable. Because of the subject's celebrity status, and the Photographs' quality and visual appeal, plaintiff

4

(and the photographer it represents) stood to gain additional revenue from licensing the Photographs.

20.     But defendants' unauthorized use harms the existing and future market for the original Photographs. The Instagram post made the Photographs immediately available to Minaj's 91 million followers and others, consumers of entertainment news—and especially news and images of Minaj herself, as evidenced by their status as followers of her—who would otherwise be interested in viewing licensed versions of the Photographs in the magazines and newspapers that are plaintiff's customers.

21.     In addition, defendant's unauthorized use is expressly commercial in nature. Minaj uses her Instagram feed for the purpose of promotion—specifically, to promote her business interests, products, and ventures; to promote and sell the products and services of others; to maintain and increase her visibility and desirability as an endorser, actress, model, and entertainment personality; and to promote her persona and celebrity status. In short, every one of Minaj's Instagram posts is fundamentally promoting something to her 91 million followers.

22.     On information and belief, at the time that defendants copied and distributed the Photographs, they knew or should have known that they did not have authorization or permission to do so.

23.     Defendants did not disclose their unauthorized uses of the Photographs to plaintiff or seek permission to use the Photographs. But for plaintiff's discovery of defendants' authorized uses, their infringements would still be concealed.

### CLAIM ONE

### (For Copyright Infringement – Against All Defendants)

24.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

25.     The foregoing acts of defendants constitute infringement of plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.

26.     Plaintiff suffered damages as a result of defendants' unauthorized use of the Photographs.

27.     Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

**CLAIM TWO**

**(For Vicarious and/or Contributory Copyright Infringement –**

**Against All Defendants)**

28.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

29.     Plaintiff is informed and believes and on that basis alleges that defendants knowingly induced, participated in, aided and abetted in, and profited from the unauthorized reproduction and/or subsequent distribution of the Photographs.

30.     For example, on information and belief, defendants' infringement resulted in the subsequent republication of the Photographs on the website www.sohh.com.

31.     Defendants, and each of them, are vicariously liable for the infringement alleged above because, on information and belief, they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

32.     By reason of each of the defendants' acts of contributory and vicarious infringement as alleged above, plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

6

33.     Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests the following:

A.     For a preliminary and permanent injunction against defendants and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell plaintiff's Photographs described in the Complaint;

B.     For an order requiring defendants to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C.     Under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents;

D.     For actual damages and all profits derived from the unauthorized use of plaintiff's Photographs or, where applicable and at plaintiff's election, statutory damages;

E.     For an award of pre-judgment interest as allowed by law;

F.     For reasonable attorney fees and all other costs authorized under law;

G.     For such other and further relief as the Court deems just and proper.

1

### JURY TRIAL DEMAND

2

Plaintiff demands a trial by jury of all issues permitted by law.

3

4    Dated: November 6, 2020    Respectfully submitted,

5                                **PERKOWSKI LEGAL, PC**

6

7                                By:    /s/ Peter Perkowski
                                        _____

8                                       Peter E. Perkowski

9                                       Attorneys for Plaintiff
                                        SPLASH NEWS AND PICTURE AGENCY, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT